UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAWRENCE L., <br><br>                  Plaintiff, <br><br>   v. <br><br>ANDREW M. SAUL, <br>Commissioner of Social Security, <br><br>                  Defendant. | CASE NO. C19-5490-MAT <br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[1] He has a high school diploma and two years of technical college education, and has worked as a sheet metal worker. (AR 402.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for DIB in February 2017. (AR 295-96.) That application was denied and Plaintiff timely requested a hearing. (AR 249-51, 253-57.)

On November 1, 2018, ALJ Gerald Hill held a hearing, taking testimony from Plaintiff, Plaintiff's counselor, and a vocational expert (VE). (AR 167-219.) On December 27, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 149-62.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 15, 2019 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since April 23, 2013, the alleged onset date. (AR 151.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bilateral labral tears, status post-right shoulder labral repair surgery, status post-ulnar nerve transfer surgery, and depression. (AR 151-52.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 152-55.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing light work with additional limitations: he can occasionally push/pull with his bilateral upper extremities. He can occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; occasionally crawl; and occasionally reach overhead bilaterally. He can perform simple and detailed tasks and can understand, remember, and apply simple and detailed instructions. (AR 155.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 160-61.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to representative occupations, such as housekeeper, cashier II, and material distributor. (AR 161-62.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing certain lay statements and (2) failing to fully account for the State agency opinions. Plaintiff also argues that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

/ / /

## Lay evidence

The record contains lay evidence in the form of written statements and hearing testimony from Plaintiff's therapist, Pamela Elderkin, M.A., LMHC, CISF; and Plaintiff's mother. (AR 200-10, 469-76, 585-585-601.) An ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

<u>Ms. Elderkin</u>

In this case, the ALJ summarized Ms. Elderkin's statements and hearing testimony and discounted them as inconsistent with (1) the opinions of the State agency's "licensed psychologists and physicians"; and (2) Plaintiff's activities (such as driving, using a computer, managing his finances, following instructions from medical providers, and maintaining social relationships). (AR 159-60.) The ALJ also found that Ms. Elderkin failed to explain how Plaintiff's conditions and symptoms led to the limitations she described. (AR 160.)

Plaintiff argues that the ALJ erred in finding that Ms. Elderkin had failed to explain how Plaintiff's conditions caused the limitations she described, and the Commissioner does not respond to this argument. Plaintiff also argues that the ALJ erred in suggesting that Ms. Elderkin's opinion was discounted simply because it was inconsistent with the State agency opinions because the ALJ did not explain why he credited the State agency opinions over Ms. Elderkin's opinions. Even assuming those lines of reasoning are erroneous, the errors are harmless because the ALJ identified inconsistencies between Ms. Elderkin's statements and Plaintiff's activities, which is a germane reason to discount Ms. Elderkin's statements. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). For example, Ms. Elderkin opined that Plaintiff had an "extreme" limitation in his ability to understand and remember very short and simple instructions

(meaning his "ability to function in this area is precluded" (AR 588)), and yet the ALJ noted that Plaintiff was able to prepare microwavable meals, follow instructions from healthcare providers, respond to questions from medical providers, and "provide detailed historical information in detailed, multipage forms[.]" (AR 160.) Although Plaintiff contends that the ALJ was required to point out how the activities he cited contradicts Ms. Elderkin's opinion (Dkt. 13 at 3), the Court finds that the ALJ's summary of Ms. Elderkin's opinions and Plaintiff's activities permits the Court to discern the inconsistencies found by the ALJ. *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

Plaintiff's mother

The ALJ did not discuss Plaintiff's mother's third-party function report (AR 469-76) in the decision. The Commissioner contends that the ALJ's omission amounts to harmless error because Plaintiff's mother's statement is similar to Plaintiff's own subjective testimony, which the ALJ properly discounted, and thus the ALJ's reasons to discount Plaintiff's testimony apply with equal force to Plaintiff's mother's statement.

Plaintiff contends that his mother's statement goes beyond what he described, specifically describing how he physical reacts to pain, how he needs encouragement to start things, and how he handles stress terribly. Dkt. 13 at 4. Plaintiff's physical presentation of pain is not a relevant vocational limitation, however, and the slight discrepancies that Plaintiff identifies are dwarfed by the overall similarity of the statements as to Plaintiff's daily activities and abilities. (*Compare* AR 420-25 *with* AR 469-74.) Furthermore, the ALJ explained why he discounted Ms. Elderkin's description of Plaintiff's physical pain, low stress tolerance and difficulty making plans independently of others (AR 159-60) in light of the evidence of Plaintiff's activities that were

inconsistent with those limitations, and this reasoning applies with equal force to the similar limitations described by Plaintiff's mother. Accordingly, the Court finds that the ALJ's failure to address Plaintiff's mother's third-party function report is harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

Medical evidence

The State agency psychological consultants opined that *inter alia* Plaintiff "has the ability to do [simple, repetitive tasks]/detailed/complex tasks, may have lapses in [concentration, persistence, and pace] due to [psychological] symptoms." (AR 231, 245.) The ALJ gave significant weight to the State agency opinions, finding them to be consistent with Plaintiff's activities and consistent with the evidence available to the consultants. (AR 158-59.)

Plaintiff argues that the ALJ erred in purporting to credit the State agency opinions and yet failing to mention or account for the limitation regarding his lapses in concentration, persistence, and pace. Dkt. 10 at 4, Dkt. 13 at 1-2. The ALJ did, in fact, mention this limitation explicitly. (*See* AR 158-59 (noting that the State agency consultant "opined that the claimant has the ability to do simple, repetitive tasks, detailed tasks, and complex tasks, but may have lapses in concentration, persistence, and pace").) Given that the ALJ listed this portion of the opinions in his summary, the Court does not find that the ALJ overlooked this portion of the State agency opinions.

Plaintiff argues that the ALJ nonetheless erred in failing to fully account for that limitation, because the ALJ did not mention any lapses in concentration in the RFC assessment and the VE testified that if a person is off-task more than 10% of a workday, that person cannot sustain employment. (*See* AR 217.) The State agency opinions do not indicate that Plaintiff's lapses would total more than 10% of a workday, however, and the State agency consultants did opine that

to whatever extent Plaintiff was limited, those limitations were not disabling. (AR 221-33, 235-48.) The phrasing of the State agency opinion ("may have lapses") also suggests speculation as to the degree of limitation. Under these circumstances, the Court finds that the ALJ's RFC assessment is fully consistent with the State agency opinions, and therefore Plaintiff has not established error in the ALJ's decision in this respect. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that an ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician).

## Appeals Council evidence

J. Alex Crampton, Psy.D., examined Plaintiff in January 2019 (the month after the ALJ's decision was issued) and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. (AR 140-44.) Plaintiff submitted this opinion to the Appeals Council, which found that Dr. Crampton's opinion did not show a reasonable probability of changing the outcome of the ALJ's decision. (AR 2.) Plaintiff now argues that Dr. Crampton's opinion undermines the ALJ's decision such that it is no longer supported by substantial evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Plaintiff argues that Dr. Crampton's opinion undermines the ALJ's decision because it "notes limitations far more severe than those noted in the ALJ's RFC assessment" and was the only mental-health opinion rendered by an acceptable medical source. Dkt. 13 at 5. That may be true, but Dr. Crampton's opinion post-dates the ALJ's decision and Dr. Crampton did not review

any records or otherwise refer to the adjudicated period in assessing Plaintiff's limitations. (AR 140-44.) These circumstances distinguish this case from the case relied upon by Plaintiff (Dkt. 13 at 5): *Martinez v. Astrue*, 2014 WL 310387, at \*19 (N.D. Cal. Jan. 28, 2014). In that case, an x-ray and MRI were taken "just days and weeks after the ALJ rendered his decision[,]" but the Court found that the evidence nonetheless related to the adjudicated period "because it permits a comparison of the changes to Plaintiff's spine that occurred after the [earlier] MRIs were taken." 2014 WL 310387, at \*19. There is no such purpose of comparison to the adjudicated period in this case, and in fact the Appeals Council evidence suggests that Plaintiff's condition worsened after the ALJ's decision was entered. (*See* AR 11-139 (records related to a psychiatric hospitalization two months after the ALJ's decision).) Evidence that post-dates the ALJ's decision and documents the worsening of an impairment that existed during the adjudicated period is not relevant to the adjudicated period. *See* Hearings, Appeals and Litigation Law Manual I-3-3-6(B)(2), *available at* https://www.ssa.gov/OP_Home/hallex/I-03/I-3-3-6.html (last visited Feb. 4, 2020).

Furthermore, Dr. Crampton indicated that his opinion had a six-month duration (AR 142), and that his diagnoses were provisional because he had no access to records (AR 141). These factors weigh against the probative value of Dr. Crampton's opinion and do not persuade this Court that the opinion undermines the ALJ's decision. Accordingly, the Court finds that the Appeals Council evidence does not warrant a remand in this case.

/ / /

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 7th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge